UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CV  08  0234

Ira Rothstein                                    )
                                                 )     CASE NO.
          Plaintiff                              )
                                                 )                    FILED
                                                 )                IN CLERK'S OFFICE
                                                 )     COMPLAINT U.S. DISTRICT COURT E.D.N.Y.
vs.                                              )     JURY TRIAL DEMAND
                              (S.F)              )         ★   JAN 16 2008   ★
                                                 )
Jaffe & Asher, Attorneys at Law, and            )
John and Jane Does 1 – 10                        )
                                                 )                 LONG ISLAND OFFICE
          Defendants                             )
                                                         PLATT, J.
_____

                                                         WALL, M.J.

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This petition is an action for statutory and actual damages brought by an
   individual consumer Ira Rothstein ("Plaintiff") against Jaffe & Asher, Attorneys at
   Law and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair
   Debt Collection Practices Act 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Fair
   Credit Reporting Act 15 U.S.C. § 1681 et seq. ("FCRA"); for injunctive relief and
   for declaratory relief.  This petition is also an action for statutory and actual
   damages under New York Consumer Protection From Deceptive Acts and
   Practices, N.Y. General Business Laws (Consol.) § 349 et. seq. and New York
   Fair Debt Collection Practices Statute, N.Y. General Business Laws (Consol.) §
   600 et. seq. which are brought under the Court's pendent and supplemental
   jurisdiction.  Plaintiff brings this action against the above named Defendants both
   jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C.
   Sec's 1331 and 1337(a).  Declaratory relief is available pursuant to 28 U.S.C.
   Sec's 2201.1 and 2202.  The doctrine of pendent and supplemental jurisdiction is
   proper under 28 U.S.C. Sec. 1367.

3. Venue is proper in this District as Defendants transact business here and the
   communications as well as the conduct of Defendants upon which this complaint
   is based occurred here.

## PARTIES

4. The Plaintiff, Ira Rothstein, is a natural person, and was at all times relevant hereto a resident and citizen of the State of New York. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as that term is defined under N.Y. General Business Laws (Consol.) § 600(2).

5. Defendant **Jaffe & Asher, Attorneys at Law**, is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "principal creditor" as defined under N.Y. General Business Laws (Consol.) § 600(3), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 600 Third Ave., New York, NY 10016.

6. Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

7. Sometime prior to 2005, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, three American Express credit cards in the approximate total amount of $74,270.21 which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

9. On or about August 11, 2006, Plaintiff sent three separate billing error notices as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit A, B & C attached

2

hereto and incorporated as if fully stated herein.

10. Plaintiff sent additional dispute notices alleging errors on the periodic statements that were "computational or similar error of an accounting nature that is made by the creditor" pursuant to 15 U.S.C. § 1666(b)(4) and 12 CFR § 226.13(a)(4). See Exhibit D, E &F attached hereto and incorporated as if fully stated herein.

11. The original creditor never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notices and disputes.

12. Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about September 6, 2006, Defendant **Jaffe & Asher, Attorneys at Law** (hereinafter "JAAL"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. 1692g(b).  See Exhibit G attached hereto and incorporated as if fully stated herein.

13. In response to this collection letter, on or about September 18, 2006 Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it pursuant to  15 U.S.C. § 1692 *et seq.*, (see Exhibit H attached hereto and incorporated as if fully stated herein).

14. Defendant **JAAL** failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. Sec's 1692, *et seq* and 1692g(b).

15. Despite having disputed this debt in writing to the original creditor and the Defendant **JAAL** previously and the original creditor and the Defendant **JAAL** failing to provide verification and validation of the debt, Defendant **JAAL** subsequently filed a civil complaint in the name of an alleged creditor on or about February 16, 2007 seeking full payment in the amount of $74,270.21.  See Exhibit I attached hereto and incorporated as if fully stated herein.

16. Defendant **JAAL** has continued to pursue collection activity on the alleged debt and has  initiated a judicial proceeding wherein they have willfully and materially failed to disclose that they are attempting to collect an amount that was disputed to their alleged creditor client in violation of the Fair Credit Billing Act. In addition Defendants have also failed to report to any third party credit reporting agency ("CRA") that the alleged debt is disputed in violation of 15 U.S.C. 1692e(8).

17. Defendant **JAAL** has a duty to comply with these restrictions on reporting of disputed amounts to the state court and any CRA, and their failure to do so is

3

contrary to federal and state statutes.

18. Defendant **JAAL** knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written agreement with a bona fide signature of the Plaintiff.

19. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment and humiliation which Plaintiff will in the future continue to suffer. .

## SUMMARY

20. The conduct of Defendant **JAAL** harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692g(b) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
### FIRST CLAIM
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

21. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 20 above as if fully stated herein.

22. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

23. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff in violation of 15 U.S.C. Sec. 1692, *et seq.*

24. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

25. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

## SECOND CLAIM

## VIOLATIONS OF THE NEW YORK CFAIR DEBT COLLECTION PRACTICES STATUTE: N.Y. GENERAL BUSINESS LAWS (Consol.) § 600 *et seq.*

26. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 20 above as if generally and specifically stated herein.

27. The New York Fair Debt Collection Practices Statute, N.Y. General Business Laws (Consol.) § 600 *et seq.* provides that it is unlawful for any person to use any unlawful, unfair or fraudulent act or practice within this state.

28. The New York Fair Debt Collection Practices Statute, N.Y. General Business Laws (Consol.) § 601(5) provides that it is unlawful to "Disclose or threaten to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact".

29. The conduct described in paragraphs 1 - 20 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

30. Defendants' unfair methods and deceit make them liable to Plaintiff under New York Consumer Protection From Deceptive Acts and Practices, N.Y. General Business Laws (Consol.) § 349h.

## THIRD CLAIM

## VIOLATIONS OF THE NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES: N.Y. GENERAL BUSINESS LAWS (Consol.) § 349 *et seq.*

31. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 20 above as if generally and specifically stated herein.

32. The conduct described in paragraphs 1-20 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the New York Consumer Protection From Deceptive Acts and Practices, N.Y. General Business Laws (Consol.) § 349 *et seq.*

33. Said conduct is generally and specifically within the meaning of the New York Consumer Protection From Deceptive Acts and Practices, N.Y. General Business Laws (Consol.) § 349 *et seq.* and in the scope  of business that is prohibited, unfair, and deceptive.

34. The New York Consumer Protection From Deceptive Acts and Practices, N.Y. General Business Laws (Consol.) § 349a states that, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

35. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited

36. The conduct described in paragraphs 1 - 20 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

37. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

## DECLARATORY AND INJUNCTIVE RELIEF

38. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1- 37 above as if fully stated herein.

39. There exists a dispute over whether Defendants have violated the FDCPA, the FCRA, New York Fair Debt Collection Practices Statute, N.Y. General Business Laws (Consol.) § 600 *et seq.,* and the New York Consumer Protection from Deceptive Acts and Practices Statutes, N.Y. General Business Laws (Consol.) § 349 *et seq.*

40. Plaintiff is entitled to injunctive relief, a declaratory judgment and a

determination that Defendants violated the FDCPA, FCRA, New York Fair Debt Collection Practices Statute, N.Y. General Business Laws (Consol.) § 600 *et seq,* and the New York Consumer Protection from Deceptive Acts and Practices Statutes, N.Y. General Business Laws (Consol.) § 349 *et seq.* and Plaintiff is similarly entitled to an order enjoining said acts.

41. As a result of Defendants actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

42. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

### JURY DEMAND

43. Plaintiffs is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1. Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate

2. Award Plaintiff actual damages.

3. Award Plaintiff punitive damages.

4. Award Plaintiff federal and state statutory damages.

5. Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.

6. Award Plaintiff reasonable attorney's fees and costs of this litigation.

8. Grant such other and further relief as this Honorable Court deems just and proper.

Dated: 1/16/08

Respectfully submitted,

Ira Rothstein

## VERIFICATION

I, Ira Rothstein hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Ira Rothstein
574 Chestnut Lane
East Meadow, NY 11554

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF NEW YORK and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Jaffe & Asher, Attorneys at Law
600 Third Ave.
New York, NY 10016

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

Ira Rothstein

# Exhibit A

**EXHIBIT A**

## CERTIFIED MAIL RECEIPT # 7006 0100 0004 8365 9599

American Express The Platinum Card
Customer Service P.O. Box 7825 C.S.
Ft. Lauderdale, Fl 33329-7825

August 11, 2006

RE    NOTICE AND DEMAND FOR ADEQUATE ASSURANCE OF PERFORMANCE – IRA
      ROTHSTEIN, ACCOUNT #

Dear Sir/Madame:

I recently received your unsigned letter of July 17, 2006.   Please regard this letter as a formal written Notice and Demand to AMERICAN EXPRESS THE PLATINUM CARD for adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that AMERICAN EXPRESS THE PLATINUM CARD may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter.  To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal laws.  Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account.  Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Ira Rothstein

# Exhibit B

**EXHIBIT B**

## CERTIFIED MAIL RECEIPT # 7006 0100 0004 8365 9629

American Express Rewards Plus Gold Card
Customer Service P.O. Box 297804
Ft. Lauderdale, Fl 33329-7804

August 11, 2006

RE     NOTICE AND DEMAND FOR ADEQUATE ASSURANCE OF PERFORMANCE – Ira G.
          Rothstein,  ACCOUNT #

Dear Sir/Madame:

I recently received your unsigned letter of July 17, 2006.   Please regard this letter as a formal written Notice and Demand to AMERICAN EXPRESS REWARDS PLUS GOLD CARD for adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that AMERICAN EXPRESS REWARDS PLUS GOLD CARD may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter.  To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal laws.  Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account.  Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Ira G. Rothstein

# Exhibit C

**EXHIBIT C**

**CERTIFIED MAIL RECEIPT # 7006 0100 0004 8365 9612**

American Express The Platinum Delta SkyMiles Card
Customer Service P.O. Box 7823
Ft Lauderdale, Fl 33329-7823

August 11, 2006

RE     NOTICE AND DEMAND FOR ADEQUATE ASSURANCE OF PERFORMANCE – IRA G.
       ROTHSTEIN, ACCOUNT #

Dear Sir/Madame:

I recently received your unsigned letter of July 17, 2006.   Please regard this
letter as a formal written Notice and Demand to AMERICAN EXPRESS THE PLATINUM DELTA
SKYMILES CARD for adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this
matter, and I am of the opinion that AMERICAN EXPRESS THE PLATINUM DELTA SKYMILES CARD
may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either
adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged
original agreement.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have
questions regarding the validity of the debt you are alleging in the attached billing statement, and in order
to determine the validity of your presentment, and continue payment on the above-listed account, I will
require certain information to confirm your claim in this matter.  To that end, please forward the attached
affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the
signed, sworn affidavit, I will arrange for payments to resume on the above noted account.

Please restrict all communications with me regarding this matter to writing, and understand that all
communications, acts or omissions may be used in litigation, including the filing of grievances and the
initiation of investigations at the Federal Trade Commission and other government bodies regarding your
non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and
other state and federal laws.  Your failure to respond to this Notice and Demand within thirty (30) days will
be construed as a waiver of any and all claims regarding the above-listed account, and will act as a
confirmation that no further action will be taken on your part with respect to the subject account.  Please
also take notice that during the pendency of this dispute, no further payments will be made on the
account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of
the collection of a debt.

Respectfully,

Ira G. Rothstein

# Exhibit D

**EXHIBIT D**

**CERTIFIED MAIL RECEIPT # 7006 0810 0006 7600 0771**

American Express The Platinum Card
Customer Service PO Box 7825 C.S.
Ft. Lauderdale, Fl 33329-7825

September 7, 2006

**RE    NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF
PERFORMANCE – IRA ROTHSTEIN, ACCOUNT #**

Dear Sir/Madame:

I recently received your recent unsigned communication.   Please regard this letter as a formal written Notice and Demand to American Express The Platinum Card for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that American Express The Platinum Card may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account.  In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account.  In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter.  To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account.  In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws.  Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account.  Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Ira Rothstein

# AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged American Express The Platinum Card account # _____ (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged American Express The Platinum Card promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Ira Rothstein (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by American Express The Platinum Card' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.


_____
Signature of Affiant


STATE OF _____       )
                           )
COUNTY OF _____        )       JURAT


    Subscribed and sworn to before me a notary public this ___ of _____ 2006.


_____
Signature of Notary

# Exhibit E

**EXHIBIT E**

**CERTIFIED MAIL RECEIPT # 7006 0810 0006 7600 0795**

American Express Rewards Plus Gold Card
Customer Service PO Box 297804
Ft. Lauderdale, Fl 33329-7804

September 7, 2006

RE      **NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF PERFORMANCE – IRA G. ROTHSTEIN, ACCOUNT #**

Dear Sir/Madame:

I recently received your recent unsigned communication.  Please regard this letter as a formal written Notice and Demand to American Express Rewards Plus Gold Card for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that American Express Rewards Plus Gold Card may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account.  In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account.  In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter.  To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account.  In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws.  Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account.  Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Ira G. Rothstein

# AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged American Express Rewards Plus Gold Card account # _____ (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged American Express Rewards Plus Gold Card promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Ira G. Rothstein (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by American Express Rewards Plus Gold Card' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.


_____
Signature of Affiant


STATE OF _____     )
                        )     JURAT
COUNTY OF _____     )


Subscribed and sworn to before me a notary public this ___ of _____ 2006.


_____
Signature of Notary

# Exhibit F

**EXHIBIT F**

**CERTIFIED MAIL RECEIPT # 7006 0810 0006 7600 0788**

American Express The Platinum Delta SkyMiles Card
Customer Service PO Box 7823
Ft. Lauderdale, Fl 33329-7823

September 7, 2006

RE     **NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF PERFORMANCE – IRA G. ROTHSTEIN, ACCOUNT #**

Dear Sir/Madame:

I recently received your recent unsigned communication.  Please regard this letter as a formal written Notice and Demand to American Express The Platinum Delta SkyMiles Card for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that American Express The Platinum Delta SkyMiles Card may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account. In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account. In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt. However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter. To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution. Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account. In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws. Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account. Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Ira G. Rothstein

## **AFFIDAVIT**

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged American Express The Platinum Delta SkyMiles Card account # _____ (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged American Express The Platinum Delta SkyMiles Card promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Ira G. Rothstein (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by American Express The Platinum Delta SkyMiles Card' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.


_____
Signature of Affiant


STATE OF _____        )
                             )      **JURAT**
COUNTY OF _____         )


      Subscribed and sworn to before me a notary public this ___ of _____ 2006.


_____
Signature of Notary

# Exhibit G

# JAFFE & ASHER LLP

## ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
TOLL FREE (888) 625-9695
FAX (212) 687-3601

DIRECT EXTENSION: 2653

ESTABLISHED 1974

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6174 (FAX)

September 6, 2006

**VIA REGULAR MAIL and CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

Ira Rothstein
574 Chestnut Ln.
East Meadow, NY 11554

Re:    American Express Acct. No.
       American Express Acct. No.
       American Express Acct. No.

Dear Ira Rothstein:

We are outside counsel to American Express and have been asked to contact you regarding the unpaid balances on the above referenced accounts. You owe American Express $30,749.09 for account number                $29,991.85 for account number            and $13,529.27 for account number                     for a total outstanding balance of $74,270.21.

We would like to give you an opportunity to make arrangements for the payment of your debt. Please contact the undersigned at the above number to discuss your unpaid balance. If you are represented by counsel, please have your attorney contact the undersigned.

This is an attempt to collect a debt and any information obtained from you will be used for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days from your receipt of this letter, the debt will be assumed to be valid by us.

If you notify the undersigned in writing within thirty (30) days from your receipt of this letter that the debt or any portion of it is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within thirty (30) days from your receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,

JAFFE & ASHER LLP

By: _____
    Benjamin Marashlian

# Exhibit H

**EXHIBIT H**

Jaffe & Asher LLP
Attorneys At Law
600 Third Avenue
New York, NY 10016-1901

September 18, 2006

### NOTICE OF DISPUTE AND VIOLATION

Re: Inquiry: American Express account no.
      American Express account no.
      American Express account no.

Dear Benjamin Marashlian:

    I am in receipt of a letter from your company which requests payment on this account. The purpose of this letter is to determine the nature of the relationship between your firm, your client and me, as well as the nature, validity and scope of the alleged debt. This is not a refusal to pay any legitimate debt, but rather, is a request for strict proof of your client's claim. Please be advised that any communications that you make in this matter will become part of an administrative record, and may be used in litigation of claims related to the above listed account.

    This letter constitutes a first notice of dispute and notice of violations of the Fair Credit Billing Act by the original creditor, and violation of the Fair Debt Collection Practices Act by your client regarding the above-listed accounts, and is served in response to recent communications that your client and/or your firm has made to me by telephone and in writing. In the future, please communicate directly with me, and cease and desist from any telephone communications with me, my family, neighbors or workplace. Your firm's continued telephonic communications with anyone other than me with respect to this matter may constitute a violation of the Fair Debt Collection Practices Act, and may also constitute telephone harassment. Please be advised that I will aggressively pursue any claims that may arise in this area.

    As of this date, your client failed to provide me with a written acknowledgement of the dispute notices under 15 U.S.C. § 1666(a)(3)(A), or a written explanation report following a reasonable investigation, and/or a production of documentary evidence, pursuant to 15 U.S.C. § 1666(a)(3)(B)(ii). Please be advised that I am presently preparing a complaint with the state Attorney General and the Federal Trade Commission for the above listed violations. In the event that you choose to pursue this matter, I may choose to file a cross claim against your client, and against your firm for a violation of the Fair Debt Collection Practices Act.

    Further, this Notice confirms that your claim is disputed under 15 U.S.C. §1692 et seq., and is a notice and demand that you cease and desist any and all collection activity until such time as you have fulfilled your obligations under the law. Please verify under penalties of perjury that this claim is valid, free from any claims and defenses, including, but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original creditor provided value in support of its claim(s). Further, provide validation that the alleged accounts was transferred, assigned or forwarded in good faith and by the explicit consent of the parties involved.

"**verification**", *n*, 1. a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document..." *Black's Law Dictionary*, 7[th] Edition (1999).

"It is established law that a verification is a sworn statement of the truth of the facts stated in the instrument which is verified." <u>H.A.M.S. Company v. Electric Contractors of Alaska, Inc.</u>, (1977) 563 Pacific Reporter 258, 260.

You are hereby requested to produce the following in satisfaction of this Notice and Demand:

A.  Validation of your Firm's right to collect the disputed debt set forth above, by furnishing verified copies of any and all agreements governing the assignment, novation, or transfer of rights, or otherwise, and state whether your Firm is the current owner, assignee, holder, or holder in due course of the above referenced accounts, with evidence to support said statements.

B.  Validation of your client's right to collect the disputed debt set forth above, by furnishing verified copies of any and all agreements governing the assignment, novation, or transfer of rights, or otherwise, and state whether your client is in fact the current owner, assignee, holder, and holder in due course of the above referenced accounts, with evidence to support said statements.

C.  Verification that your client is licensed and bonded in this state to collect on the alleged debt.

D.  The alleged original agreement between the Parties, with bona fide signatures, in full (full and complete disclosure).

E.  Certified copies of the front and back of all documents and records, including, but not limited to, any and all promissory notes, money, money equivalents or similar instruments, identified as or evidencing assets provided by and/or signed by me;

F.  An identification of the source of the funds used to fund the charges, including account name(s), number(s), and amount(s);

G.  The name and address of the Custodian(s) of records of all documents and accounts related to the instant dispute;

H.  A copy of your most recent Certified Public Accountant audit reports for the disputed account for the period during which the claim existed, including any and all reports prepared for compliance with the requirements of the Sarbanes-Oxley Act of 2002.

I.  The name and address of the CPA auditor and chief legal counsel for your client.

J.  A statement of the total amount of all payments made to date by me on the disputed accounts;

K.  Certification that the terms of §326 of the U.S.A. Patriot Act have been complied with with respect to the verification of the identity of me as the card holder related to the above listed accounts. In response to this request, please provide certified copies of the government issued identification card(s), social security card and two (2) forms of address verification used to verify the identity of the account holder for the disputed accounts.

L.  A complete and detailed statement of damages, including each and every loss that your client incurred under the alleged agreement;

M.          The name, address and title of the Corporate Officer who retained your firm in this matter;

The above records will allow me to effectively understand the nature of the transactions upon which you base your claim.  Please do not misinterpret this request with a request for copies of any billing statements or standard cardholder agreements.  These documents will not satisfy my need for verification of your claims by authenticated documentation and affidavit, and your provision of these documents in response to this Notice and Demand will constitute a non-response and default.

If the disputed accounts do not involve an original signed agreement, and the recovery that you seek is under a *quantum meruit* theory, please provide a complete, detailed list of materials, labor and services in the amount you are seeking to recover in this matter.    Further, these accounts are disputed, therefore, it is not to be considered an account stated, and I specifically rebut any presumption that any claim in account stated exists in this matter.

Absent your providing the above-listed documentation, validation and verification, the remedy I seek is the complete elimination and/or discharge of the entire balance of the account referenced above, and the complete removal of me from your records.  I also request, a zero balance due statement showing that no further monies are owed and no balance is due.

Your failure to satisfy this dispute and request within the requirements of federal and state commercial and collections law will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.  I expect your good faith reply to include all of the records and information identified herein, within thirty (30) days.  If you need more time, please notify me within thirty (30) days and I will allow you an additional thirty (30) days before considering your failure to answer a default. You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under 18 USC §1341.

## NOTICE

This is not a request for confirmation that you have a copy of an agreement or copies of account statements.  This is a demand for proof that you have the requisite knowledge of the facts related to the disputed accounts, and that the alleged creditor provided adequate consideration and incurred an actual financial loss under the terms of the full and complete disclosures provided in the original agreement.

I am available to discuss any aspect of this matter, and await your written reply.

Respectfully,

Ira Rothstein

# Exhibit I

**EXHIBIT I**

## JAFFE & ASHER LLP
### ATTORNEYS AT LAW

ESTABLISHED 1974

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-3601 (FAX)

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6174 (FAX)

February 28, 2007

Ira G. Rothsein
574 Chestnut Ln.
East Meadow, NY 11554

Re: Ira G. Rothstein/ American Express   Acct. No.
American Express   Acct. No.
American Express   Acct. No.

Dear Mr. Rothstein;

As you know, we are outside counsel to American Express. Pursuant to your request, enclosed herewith are copies of statements for the above referenced account.

Nothing Contained herein is a waiver of any right or remedy available to American Express, all of which are expressly reserved.

This is an attempt to collect a debt and any information obtained from you will be used for that purpose.

Very truly yours,

JAFFE & ASHER LLP

By: _____
Benjamin Marashlian