GREGORY E. GALTERIO (0787)
600 Third Avenue
New York, New York 10016
Tel: (212) 687-3000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IRA ROTHSTEIN,

                              Plaintiff,

                                                    CASE NO. 08 CV 0234 (TCP)

          vs.
                                                    **ANSWER**

JAFFE & ASHER, Attorneys at Law,
and Does 1 through 10,


                              Defendant.
------------------------------------------------------------------X

      Defendant, Jaffe & Asher LLP, improperly referred to herein as "Jaffe & Asher,

Attorneys at Law", appearing on its own behalf, hereby Answers the Complaint of Plaintiff as

follows:

      1.      Defendant denies each and every allegation contained in Paragraph 1 of

Plaintiff's complaint, except to admit that Plaintiff purports to be seeking injunctive and

declaratory relief, as well as damages.

      2.      Defendant denies each and every allegation contained in Paragraph 2 of

Plaintiff's complaint.

      3.      Defendant denies each and every allegation contained in Paragraph 3 of

Plaintiff's complaint except to admit that Defendant is a limited liability partnership duly

organized and existing under the laws of the State of New York.

      4.      Defendant denies knowledge or information sufficient to form a belief as to as to

the truth of the allegations contained in Paragraph 4 of Plaintiff's complaint.

5.      Defendant denies each and every allegation contained in Paragraph 5 of Plaintiff's complaint except to admit that Defendant's principal place of business is located at 600 Third Avenue, New York, New York 10016.

6.      Defendant denies knowledge or information sufficient to form a belief as to as to the truth of the allegations contained in Paragraph 6 of Plaintiff's complaint.

7.      Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's complaint, and avers that Plaintiff was the holder of four American Express credit card accounts including Account 3712-737983-21000 with a balance due and owing of $58,232.79, Account 3728-001291-12002 with a balance due and owing of $13,674.27, Account 3717-102233-41004 with a balance due and owing of $32,056.05 and Account 3713-367441-11005 with a balance due and owing of $33,405.57 and that Plaintiff is indebted to Defendant in an amount no less than $137,368.68.

8.      Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's complaint.

10.     Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's complaint except to admit that letters dated September 7, 2006 were sent by Plaintiff to American Express.

11.     Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 12 of Plaintiff's complaint except to admit that Defendant sent a demand letter dated September 6, 2007 to Plaintiff regarding Account Numbers 3728-001291-12002, 3717-102233-41004, 3713-367441-11005.

13.    Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's complaint except to admit that Defendant received a letter dated September 18, 2006, purportedly requesting validation of the debt as to Plaintiff's American Express Credit Card Account Numbers 3728-001291-12002, 3717-102233-41004, 3713-367441-11005.

14.    Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's complaint and avers that the Plaintiff's debt was in fact validated in writing in a letter dated February 7, 2007.

15.    Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's complaint except to admit that Jaffe & Asher LLP is counsel for American Express in the matter captioned <u>American Express Centurion Bank and American Express Bank, FSB v. Ira Rothstein</u>, Index Number 2888/07, commenced in the Supreme Court of the State of New York, County of Nassau.

16.    Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's complaint.

17.    Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's complaint.

18.    Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's complaint.

19.    Defendant denies each and every allegation contained in Paragraph 19 of

3

Plaintiff's complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of Plaintiff's complaint.

## FIRST CAUSE OF ACTION

21.     In response to numbered paragraph 21 of Plaintiff's complaint, Jaffe & Asher LLP repeats its above answers to Paragraphs 1 through 20 of the complaint as if fully set forth herein.

22.     Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's complaint.

23.     Defendant denies each and every allegation contained in Paragraph 23 of Plaintiff's complaint.

24.     Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's complaint.

25.     Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's complaint.

## SECOND CLAIM

26.     In response to numbered paragraph 26 of Plaintiff's complaint, Jaffe & Asher LLP repeats its above answers to Paragraphs 1 through 25 of the complaint as if fully set forth herein.

27.     The allegation contained in paragraph 27 of Plaintiff's complaint contains a statement of law and not fact, which does not require an answer. To the extent that paragraph 27 of Plaintiff's complaint contains a statement of fact, Jaffe & Asher LLP denies the allegation

4

contained in paragraph 27 of Plaintiff's complaint.

28.     The allegation contained in paragraph 28 of Plaintiff's complaint contains a statement of law and not fact, which does not require an answer.  To the extent that paragraph 28 of Plaintiff's complaint contains a statement of fact, Jaffe & Asher LLP denies the allegation contained in paragraph 28 of Plaintiff's complaint.

29.     Defendant denies each and every allegation contained in Paragraph 29 of Plaintiff's complaint.

30.     Defendant denies each and every allegation contained in Paragraph 30 of Plaintiff's complaint.

## THIRD CLAIM

31.     In response to numbered paragraph 31 of Plaintiff's complaint, Jaffe & Asher LLP repeats its above answers to Paragraphs 1 through 30 of the complaint as if fully set forth herein.

32.     Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's complaint.

33.     Defendant denies each and every allegation contained in Paragraph 33 of Plaintiff's complaint.

34.     The allegation contained in paragraph 34 of Plaintiff's complaint contains a statement of law and not fact, which does not require an answer.  To the extent that paragraph 34 of Plaintiff's complaint contains a statement of fact, Jaffe & Asher LLP denies the allegation contained in paragraph 34 of Plaintiff's complaint.

35.     Defendant denies each and every allegation contained in Paragraph 35 of

Plaintiff's complaint.

36.     Defendant denies each and every allegation contained in Paragraph 36 of Plaintiff's complaint.

37.     Defendant denies each and every allegation contained in Paragraph 37 of Plaintiff's complaint.

<h3 style="text-align:center">DECLARATORY AND INJUCTIVE RELIEF</h3>

38.     In response to numbered paragraph 38 of Plaintiff's complaint, Jaffe & Asher LLP repeats its above answers to Paragraphs 1 through 37 of the complaint as if fully set forth herein.

39.     Defendant denies each and every allegation contained in Paragraph 39 of Plaintiff's complaint.

40.     Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's complaint.

41.     Defendant denies each and every allegation contained in Paragraph 41 of Plaintiff's complaint.

42.     Defendant denies each and every allegation contained in Paragraph 42 of Plaintiff's complaint.

<h3 style="text-align:center">AS AND FOR A FIRST AFFIRMATIVE DEFENSE</h3>

Plaintiff's complaint fails to state a claim upon which relief can be granted.

<h3 style="text-align:center">AS AND FOR A SECOND AFFIRMATIVE DEFENSE</h3>

Plaintiff's complaint is barred by the doctrine of estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrine of waiver.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by Plaintiff's wrongful conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to reasonably mitigate his damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Truth in Lending Act, 15 U.S.C.A. § 1692.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Plaintiff, by his conduct, waived any claims he may have.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert claims alleged in the complaint.

**WHEREFORE**, Jaffe & Asher LLP respectfully requests that this Court enter judgment:

1.    That the complaint be dismissed with prejudice;

2.    That Defendant be awarded its costs and disbursements in this action, together

with attorneys' fees; and

3.    That this Court award Defendant such other and further relief as it may deem

appropriate in this circumstance.

Dated: New York, New York
      February 5, 2008

**JAFFE & ASHER LLP**

Gregory E. Galterio (0787)

600 Third Avenue
New York, New York 10016
212-687-3000

8